UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPIRE LOFTS CONDOMINIUM ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A.C.&R. FOAM INSULATORS, LLC,<br><br>　　　　　Defendant. | Civil Action No. 15-792 (ESH) |

## MEMORANDUM OPINION AND ORDER

Defendant has moved to dismiss plaintiff's amended complaint—or in the alternative, to identify Erie Insurance Company ("Erie") as the proper plaintiff—on the grounds that Erie was subrogated to plaintiff's interest in this litigation when it compensated plaintiff for its alleged losses. (*See* Def.'s Mot. to Dismiss [ECF No. 9-1] at 2.) As a result, defendant argues, this action has not been prosecuted in the name of the real party in interest in violation of Federal Rule of Civil Procedure 17. (*See id.* at 5.) In response, plaintiff impugns defendant's motives for filing its motion, but it implicitly acknowledges that it has been compensated at least in part by Erie, and that, at bottom, this is "a subrogation claim." (*See* Pl.'s Opp'n [ECF No. 10] at 1-3.) Plaintiff instead argues that defendant would suffer "absolutely *no prejudice* . . . by proceeding in this action against plaintiff," while nonetheless offering to name Erie as a co-plaintiff if the Court deems it appropriate. (*Id.* at 3 & n.5.)

Defendant is correct that "[t]he general rule in the federal courts is that if the insurer has paid the entire claim, it is the real party in interest and must sue in its own name." *See* Wright &

Miller, 6A Fed. Prac. & Proc. Civ. § 1546 (3d ed.); *see also Link Aviation, Inc. v. Downs*, 325 F.2d 613, 614 (D.C. Cir. 1963) ("It is undisputed that when an insurer has paid the full amount of a loss suffered by the insured, the insurer becomes subrogated to the full extent of the insured's claim against the one primarily liable for the loss, and that in any suit to enforce the claim the insurer is the only real party in interest."). On the other hand, if the insurer has paid only part of the loss, then both insurer and insured retain a stake in the litigation and are real parties in interest. *See* Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1546 (3d ed.). The difficulty for the Court is that plaintiff's opposition does not indicate whether it has been compensated in full or in part by Erie. Defendant has submitted documents suggesting that plaintiff has been paid for all of its losses—with the possible exception of a $500 deductible (*see* Ex. 3 to Def.'s Mot. to Dismiss [ECF No. 9-2])—but without clarification from plaintiff, the Court cannot definitively rule on this issue.

If plaintiff has been fully compensated, then its complaint must be dismissed under Rule 17 unless Erie timely moves to substitute itself as plaintiff. *See Link Aviation*, 325 F.2d at 615.[1] At this time, however, the Court declines to exercise its discretion and dismiss plaintiff's complaint under Rule 17(a)(3). *See Siemens USA Holdings, Inc. v. United States*, 960 F. Supp. 2d 221, 225 (D.D.C. 2013) (offering the real party in interest ten days to substitute itself as plaintiff before it would dismiss the complaint outright). Discovery is still ongoing, and defendant has not argued that it would be prejudiced by substitution of Erie as plaintiff; in fact, it has sought precisely this relief in the alternative. (*See generally* Def.'s Mot. to Dismiss.) Moreover, "it is appropriate to liberally grant leave to substitute a real party in interest when

---

[1] Although plaintiff has itself offered to name Erie as a co-plaintiff (Pl.'s Opp'n at 3 n.5), and the record suggests that plaintiff's counsel also represents Erie (*see* Ex. 2 to Def.'s Mot. to Dismiss), Erie is not currently a party to this litigation.

there has been an honest mistake in choosing the nominal plaintiff." *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 120 (D.D.C. 1999). Defendant insinuates that plaintiff's "puzzling" decision to bring the suit in its own name was improperly motivated (*see* Def.'s Mot. to Dismiss at 7), but even assuming that plaintiff lacks any interest in the action, the Court will not go so far as to find bad faith on the record before it (*see* Ex. 5 to Def.'s Mot. to Dismiss (letter in which plaintiff's counsel professes unawareness of any requirement that the suit be brought in Erie's name)).[2]

On the other hand, if plaintiff does retain a partial interest in the litigation, then under Rule 17 plaintiff may prosecute this action on its own behalf. *See* Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1546 (3d ed.); *City Stores Co. v. Lerner Shops of D.C., Inc.*, 410 F.2d 1010, 1012 (D.C. Cir. 1969). In that case, however, Erie's joint interest in the litigation would make it a necessary party that must be joined under Rule 19(a), as long as it is subject to service of process and joinder would not destroy subject-matter jurisdiction. *See United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 381 (1949); *Krueger v. Cartwright*, 996 F.2d 928, 932-33 (7th Cir. 1993).[3] A necessary party that refuses to join voluntarily as co-plaintiff must be made "a party defendant by process, and [it] will be lined up by the court in the party character which [it] should assume." *See Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 468 (1926);

---

[2] Nevertheless, given that this is now the parties' second procedural dispute in as many months (*see* Nov. 18, 2015 Minute Order), the Court strongly encourages *both* parties to devote more energy to resolving the merits of this litigation, rather than wasting any more time and money squabbling over unnecessary procedural issues.

[3] Plaintiff's arguments to the contrary focus on whether Erie is an *indispensable* party under Rule 19(b), an analysis that is only relevant if joinder is not feasible under Rule 19(a), *i.e.*, if the party is not subject to service or if joinder would destroy diversity jurisdiction. *See Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 85 (4th Cir. 1973) ("It is clear that a partial subrogee is a person to be joined if feasible under Fed.R.Civ.P. 19(a)."). The Court is not aware of any facts suggesting that joinder is not feasible, so plaintiff's arguments miss the mark.

*Balistreri v. Richard E. Jacobs Grp., Inc.*, 221 F.R.D. 602, 605 (E.D. Wis. 2004).  Therefore, it is hereby

**ORDERED** that defendant's motion to dismiss is **DENIED WITHOUT PREJUDICE**.  It is further

**ORDERED** that plaintiff shall immediately provide its insurer with a copy of the instant Order.  It is further

**ORDERED** that, if plaintiff has been compensated in full, its complaint will be dismissed unless Erie has moved to substitute itself as plaintiff on or before January 20, 2016.  It is further

**ORDERED** that, if plaintiff has been compensated in part, and if Erie has not voluntarily moved to join the litigation on or before January 20, 2016, plaintiff shall serve Erie with process making it a defendant in this action on or before January 29, 2016, and the Court will then designate Erie as a co-plaintiff.  If Erie has any objections to joinder, it must file those with the Court within ten days after service has been effected.

To the extent plaintiff fails to comply with this Order, its complaint will be dismissed with prejudice on February 1, 2016.

**SO ORDERED.**

/s/   Ellen Segal Huvelle
ELLEN SEGAL HUVELLE
United States District Judge

Date:   January 7, 2016