UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE, *as Subrogee for* EMPIRE LOFTS CONDOMINIUM ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>A.C.&R. FOAM INSULATORS, LLC,<br><br>Defendant. | Civil Action No. 15-792 (ESH) |

**MEMORANDUM OPINION AND ORDER**

At the pretrial conference on November 29, 2016, plaintiff Erie objected to testimony by defendant A.C.&.R's employees David Ball, Adam Collins, and Scott Cameron about the combustion properties of Icynene. (*See* Joint Pretrial Statement at 6-7, ECF No. 33.) A.C.&R. argued that these employees should be able to testify that they have personally tested whether Icynene can ignite. The Court indicated that the employees could testify as to the tests they conducted. Upon further consideration, the Court has concluded that the employees may not testify about their amateur tests of Icynene's combustion properties.

Lay opinion testimony must "not [be] based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The Advisory Committee explained that this requirement was added to Rule 701 "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized

under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701 advisory committee's note to 2000 amendments. A court may also exclude lay testimony if the danger of unfair prejudice substantially outweighs its probative value. Fed. R. Evid. 403.

A.C.&R.'s employees' testimony about whether Icynene ignited during their amateur tests will only have probative value if the testimony makes it more or less likely that Icynene ignited during the fire at Empire Lofts. Technical knowledge is required, however, to understand what Icynene's behavior under one set of experimental conditions might suggest about its combustion potential under other conditions. Because A.C.&R. has not offered its employees as experts, they may not state opinions or testify about the combustion properties of Icynene based on their personal experiments. *See* Fed. R. Evid. 701. Furthermore, since the jury will not have the technical knowledge to draw accurate inferences from the amateur experiments, testimony describing the experiments would be substantially more prejudicial than probative. *See* Fed. R. Evid. 403. Indeed, both parties have recognized the technical nature of this issue by offering experts to address the combustion properties of Icynene. Accordingly, it is hereby

**ORDERED** that plaintiff's objection to testimony by defendant's employees David Ball, Adam Collins, and Scott Cameron about Icynene's combustion properties is **SUSTAINED**; it is further

**ORDERED** that those witnesses may not testify about the experiments they conducted to test whether Icynene would ignite; and it is further

**ORDERED** that those witnesses may not state opinions about Icynene's combustion properties on the basis of their personal experiments.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   December 6, 2016